Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
(970) 245-9075
chris@harmonseidman.com

Alex Rice Kerr (SBN 264821)
Harmon & Seidman LLC
PO Box 3097
Jackson, WY 83001
(970) 270-4718
alex@harmonseidman.com

*Attorneys for Plaintiff Peter Menzel*

Christopher Beall
Fox Rothschild, LLP
101 Park Avenue 17th Floor
New York, NY 10178
(646) 601-7635
cbeall@foxrothschild.com

Jack Praetzellis
Fox Rothschild LLP
345 California Street Suite 2200
San Francisco, CA 94104
(415) 364-5540
jpraetzellis@foxrothschild.com

*Attorneys for Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL<br><br>          Plaintiff,<br><br>     vs.<br><br>MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC and MCGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC<br><br>          Defendant. | Case Number: 4:16-cv-03062-JSW<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER<br><br>CMC Date: October 7, 2016<br>CMC Time: 11:00 a.m.<br><br>Courtroom 5, 2nd Floor<br>1301 Clay Street<br>Oakland, California. |

The parties to the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).  No parties remain to be served.

There are no issues regarding personal jurisdiction or venue.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

*Plaintiff*

This is a copyright infringement case involving numerous photographs used without authorization by McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC ("MHE").  Plaintiff Peter Menzel is a professional photographer engaged in licensing photographs to textbook publishers, including MHE.  Menzel owns the photographs contained in Exhibits 1 and 2 to the Complaint ("Photographs"), all of which have been registered with the United States Copyright Office or are the subject of a pending registration application.  Between 1995 and 2014, Menzel – either directly or through Stock Boston, a stock photography licensor – sold MHE limited licenses to use the Photographs in various educational publications based on MHE's representations as to how and in what quantities it would use the Photographs.  Menzel alleges that MHE used the Photographs in excess of license limits, and in some cases without any license at all.  Menzel further alleges that MHE intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings and to conceal the copyright infringements that followed.  MHE's widespread practice of copyright infringement deprived Menzel of rightful fees MHE should have paid for its actual uses.  Menzel seeks damages, including actual damages, profits and/or statutory damages, attorneys' fees, and injunctive relief.

Form updated August 2014
ACTIVE\42543631.v1-9/30/16

*Defendant*

Defendants McGraw-Hill Education Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC ("MHE") are publishers of educational textbooks. Plaintiff Peter Menzel. is a stock photographer who ordinarily licenses stock (ordinary, fungible) photographs to publishers such as MHE, either directly or through photo agencies, for a few hundred dollars per photo.

First, under the prior industry custom and practice, the alleged print overruns or alleged uses beyond the stated invoice limits, if any, were not considered copyright infringement, but were ordinarily dealt with as a matter of contract. MHE thus anticipates that factual disputes will include whether MHE exceeded the actual material terms of the parties' invoicing communications, considering not only the permissions requests from MHE to Menzel, but also the invoices provided by Menzel (as well as potentially other third party agencies such as Stock Boston) in response to such requests, and the parties' course of conduct, but also the industry custom and practice with respect to licensing of stock photographs. This may be a point of particular contention as MHE has had difficulty obtaining information from Stock Boston in other similar cases. MHE also anticipates that there will be factual disagreement as to the value of the photographs at issue, the actual damages, if any, that may have any nexus to the alleged claims, and MHE's profits attributable to infringement, if any.

Second, MHE also expects there are factual issues concerning when Menzel first became aware that publishers, like MHE, may have exceeded the invoice limitations upon which Menzel now claims copyright infringement, and/or were on inquiry notice as to such potential exceeding of invoice limits.

Third, MHE further expects that there will be a dispute as to whether particular photographs, if any, were properly and timely registered with the U.S. Copyright Office, whether they are the same photographs as are pleaded in the Complaint, and whether the photographs, if any, are entitled to an election by Menzel of statutory damages under the Copyright Act.

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

*Plaintiff*

- Whether Menzel has standing to bring claims against MHE.
- Whether Menzel's claims are timely under the applicable statute of limitations.
- Whether the Photographs are validly registered with the United States Copyright Office or are the subject of a valid pending registration application.
- Whether MHE's used Menzel's photographs in excess of the scope of any restrictions contained in the relevant invoices and/or agreements between the parties so as to constitute copyright infringement.
- Whether MHE had an express or implied license to use Menzel's images beyond restrictions contained in the relevant invoices and/or agreements between the parties.
- Whether MHE's alleged infringements, if any, were willful.

*Defendant*

- Whether Menzel has standing to bring claims against MHE.[1]
- Whether Menzel can establish proper copyright registration of the photographs it has pleaded as the basis for his copyright claims.  17 U.S.C. § 411(a).
- Whether the claims proffered by Menzel are in actuality breach of contract claims that are not subject to any action for copyright infringement.[2]
- Whether Menzel can establish that MHE's uses of the photos, if any, were beyond the applicable invoice(s) terms.[3]

---

[1] *S.O.S., Inc. v. Payday, Inc*, 886 F.2d 1081, 1086 & n.3 (9th Cir. 1989) (plaintiff "must prove . . . ownership [and validity] of copyright" in the allegedly protectable expression).

[2] *Quest Software, Inc. v. DirecTV Operations, LLC*, No. SACV 09-1232 AG, 2011 WL 4500922, at *4 (C.D. Cal. Sept. 26, 2011) (for a copyright infringement claim to lie "the licensor 'must demonstrate that the violated term [in the parties' contractual relationship] . . . is a condition rather than a covenant' under state contract law and federal copyright law." (quoting *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2011) (as amended on denial of reh'g)).

[3] *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d at 1087 ("A licensee infringes the owner's copyright if its use exceeds the scope of its license.").

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

- Whether any or all of Menzel's claims are barred by the applicable statute of limitations. *See* 17 U.S.C. § 507(b).
- Whether any of all of Menzel's claims are barred by estoppel or equity.
- Whether any use by MHE of the photos at issue beyond the applicable invoicing terms, if at all, was *de minimis* and not subject to the remedy sought by Menzel.
- Whether any use by MHE of the photos at issue beyond the applicable invoicing terms, if at all, was at worst negligent and not willful or intentional. 17 U.S.C. § 504(c).

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

The Parties believe that issues pertaining to liability can be narrowed by stipulation or motions after sufficient discovery. Both parties intend to file motions for summary judgment on issues of liability.

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

*Plaintiff*

Plaintiff proposes that 30 days after the completion of document production he be permitted to file an amended complaint, if good cause exists, to add related fraud claims and additional copyright claims learned of through discovery.

*Defendants:*

MHE does not object to the proposed deadline for amendment of the pleading to add additional copyright claims if such are discovered as a result of new information produced by MHE. However. MHE does not agree that the Plaintiff should be permitted to add any fraud claims at any time, let alone after document production has been completed. If the Plaintiff seeks, and the Court grants leave, to amend his complaint to add any fraud claims, MHE will require substantial discovery concerning any such claims. *See, e.g.*, *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 933-34 (7th Cir. 2003); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 623 (S.D.N.Y. 2013) ("Because Plaintiffs have not identified a distinct harm

stemming from the alleged fraudulent conduct, they have failed to state claims for fraud.").

6. <u>Evidence Preservation</u>
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Counsel for the parties conferred on September 29, 2016 to discuss initial disclosures, early settlement, ADR process selection, and a discovery plan for this matter. Menzel submitted its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on September 29, 2016. MHE will submit its initial disclosures in advance of the Case Management Conference.

8. <u>Discovery</u>
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Counsel for the parties have experience conducting discovery in parallel cases and anticipate requiring six months to complete document production and nine months to complete discovery. Counsel for the parties have experience conducting e-discovery in parallel cases, and at this time do not wish to enter into a stipulated e-discovery order.

Defendant notes that the discovery schedule proposed may need to be altered in as much as relevant information - in the form of invoices - is held by non-party Stock Boston and MHE has had difficulty contacting and obtaining discovery from Stock Boston in other cases.

**The parties propose the following deadlines for this case.**

    **a.**    **Amending the complaint:**

Menzel proposes a deadline for filing amended pleadings by <u>May 5, 2017</u>, 30 days after

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

the document production deadline.

        **b.    Completing document production:**

The parties propose completing document production by <u>April 5, 2017</u>.

        **c.    Rule 26(a)(2) disclosure of expert witnesses:**

The parties propose a deadline to complete disclosure of expert witnesses and testimony of <u>May 10, 2017</u>.

        **d.    Completing all discovery:**

The parties propose a discovery deadline of <u>July 5, 2017</u>.

        **e.    Filing dispositive motions:**

The parties propose a deadline for filing dispositive motions of <u>August 18, 2017</u>, 45 days after the completion of discovery.

        **f.    Pretrial disclosures under Rule 26(a)(3):**

The parties propose a deadline for making pretrial disclosures at least 30 days prior to the start of trial.

        **g.    Lodging proposed joint pretrial order:**

The parties propose lodging a proposed joint pretrial order 14 days prior to the start of trial.

        **h.    Trial:**

The parties propose scheduling the trial 60 days after resolution of the parties' dispositive motions.

9. <u>Class Actions</u>
*If a class action, a proposal for how and when the class will be certified.*

n/a

10. <u>Related Cases</u>
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    There are no related cases under Local Rule 3-12.

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

## 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

### *Plaintiff*

Plaintiff seeks damages as set forth in the Complaint for the actual licensing fees he is owed as a result of MHE's unauthorized uses of the Images, pursuant to 17 U.S.C. § 504(b). The jury should be permitted to consider actual lost license fees using (1) the "printing session method," calculated as if the publisher had requested, and paid for, a separate single license at the time of each infringing printing session after the publisher exhausted its original license (*see Semerdjian v. McDougal Littell*, 641 F.Supp.2d 233 (S.D.N.Y. 2009)); (2) the "extrapolation method," calculated by dividing the total number of units printed in excess of the quantity MHE licensed by the number it licensed, and then multiplying that number by the license fee (for example, 40,000 copies licensed for $200, 200,000 copies printed = 160,000 excess copies ÷ 40,000 = 4 x $200 = $800) (*see Semerdjian, id.*); or (3) the "single license method," calculated as the fee Plaintiff would have charged MHE had MHE sought a license to cover all of its actual infringing uses after the license was exhausted, as evidenced by Plaintiff's pricing practices, industry practices, and/or any written pricing agreements applicable at the time of infringement.

Plaintiff seeks all revenues from the sale, printing, or distribution of the infringing publications in suit, pursuant to 17 U.S.C. § 504(b), except to the extent that MHE can prove legally deductible expenses and elements of profit attributable to factors other than MHE's unauthorized, infringing uses of the Images.

Alternatively, at Plaintiff's election, he will seek statutory damages permitted under 17 U.S.C. 504(c) of $750 to $150,000, for those Images timely registered as defined in 17 U.S.C. § 412.

Plaintiff also seeks injunctive relief to prevent future infringements by MHE as well as costs, interest, and attorney's fees if authorized under law.

///

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

*Defendant*

MHE contends it is entitled to judgment in its favor on many, if not all, of Menzel's claims for lack of valid copyright registration in some or all of the photos, and under the applicable statute of limitations. Further MHE contends that Menzel is not entitled to any damages beyond contract damages for use by MHE, if any, of the photos in excess of the parties' (or third party's) agreed upon and understood invoicing terms; to the extent Menzel is entitled to any copyright damages, Menzel is not entitled to any profits from the use by MHE in excess of the terms because no such profits are attributable to the at-issue photographs.

MHE also contends it is entitled to a ruling that Menzel is not entitled to elect statutory damages as to any or all of the photos due to lack of timely registration under the Copyright Act, and to the extent any photos are subject to a statutory damages election, the Court should rule MHE's improper use, if any, was negligent and not willful and thus subject to the minimum amount of statutory damages available.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Counsel for the parties have experience settling similar claims brought by other plaintiffs against MHE.

Pursuant to the local rules, the parties conferred about selecting a specific ADR plan and agree to conduct an Early Neutral Evaluation by May 5, 2017, 30 days after the document production deadline, and after MHE is able to ascertain its usage information, and plaintiff provides all relevant invoicing documents and sufficient evidence of subsisting copyright registrations, including deposit copies, in all of the at issue photos.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   ____ YES   _X_ NO

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

The parties do not believe this case suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties do not have a proposal at this time for issues that can be narrowed by agreement, a suggestion regarding the presentation of evidence at trial, or a request to bifurcate issues, claims or defenses. Both parties intend to file motions for summary judgment on issues of liability.

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe this is the type of case that can be handled under the *Expedited Trial Procedure General Order 64, Attachment A*.

17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

See the parties' response to Topic 8.

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Menzel requested a jury trial, and the right to a jury trial is not disputed. The parties estimate 7 days to try this case.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party*

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

*to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

*Plaintiff*

Menzel filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on August 26, 2016. On Menzel's side of the ledger, no entity or person other than Menzel himself has a pecuniary interest to report.

*Defendant*

MHE has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 [Dkt. No. 10]. MHE further states that its entities are privately held corporations and that:

(1) McGraw-Hill Global Education Holdings, LLC is not a public company and no public corporation owns 5% or more of the interest in McGraw-Hill Global Education Holdings, LLC. Its parent company is McGraw-Hill Global Education Intermediate Holdings, LLC, which is not publicly held; and

(2) McGraw-Hill School Education Holdings, LLC is not a public company and no public corporation owns 5% or more of the interest in McGraw-Hill School Education Holdings, LLC. Its parent company is McGraw-Hill School Education Intermediate Holdings, LLC, which is not publicly held.

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Attorneys on record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

Dated: September 30, 2016          /s/Alex Kerr
                                   Counsel for plaintiff

Page 11 of 12

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16

Dated: September 30, 2016          /s/ Jack Praetzellis

                                   Counsel for defendant

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

                                   UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated August 2014*
ACTIVE\42543631.v1-9/30/16